IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO. 1:CR-07-131-02 |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **DARNELL D. MOORE** | : | |

**M E M O R A N D U M**

**I. Background**

On June 21, 2007, Defendant Darnell D. Moore entered a plea of guilty to Count III of an indictment charging him with a violation of Title 18 U.S.C. § 924(c), use of a firearm during a crime of violence (bank robbery). Subsequent to the plea, an evidentiary hearing was held to determine if the firearm was discharged (18 U.S.C. § 924(c)(1)(A)(iii)); was brandished (18 U.S.C. § 924(c)(1)(A)(ii)); or was carried (18 U.S.C. § 924(c)(1)(A)(I)). Each carries a different mandatory minimum sentence: discharging – ten years; brandishing – seven years; and carrying – five years.

II. **Findings of Fact**

The following facts are found as a result of the evidentiary hearing.

1. The bank robbery occurred on March 23, 2007 at the Sovereign Bank in Shrewsbury, Pennsylvania.

2. Defendant Moore was the driver of the get-away vehicle.

3. Co-defendant Carter did the actual robbery in the bank.

4. The details of the robbery were not discussed between the two defendants.

5. Defendant Moore knew that Carter always carried a firearm on his person.

6. When Carter exited the get-away vehicle to enter the bank, Moore saw Carter with a fully loaded magazine in his hand.

7. Surveillance tapes show Carter brandishing a firearm in his left hand during the robbery.

8. Carter fired the gun shortly after entering the bank.

9. A casing from a bullet was found on the main bank floor.

10. A spent bullet was eventually found in the ceiling above the tellers' area.

11. The casing and bullet were from a .40 caliber Glock pistol.

12. Rounds of ammunition and magazines were found in the cab of the get-away vehicle at the time the defendants were apprehended.

13. At a *Mirandized* interview, defendant Moore, when asked by he did not go into the bank and commit the robbery, said that he had hurt his hand in a fight and could not carry the gun.

### III. Discussion

From the facts cited above, the defendants were co-conspirators in the bank robbery. Defendant Moore had every reason to believe that Carter had a gun on his person. He also saw Carter carry out of the vehicle a fully loaded magazine. This combination is sufficient for Moore to reasonably foresee that a weapon could be fired during the course of the robbery.

In *United States v. Dixon*, 982 F.2d 116 (3d Cir. 1992), the court was determining whether a co-defendant was accountable for another defendant's conduct who possessed an object that constituted a "dangerous weapon."[1] The *Dixon* court looked to section 1B1.3(a)(1) of the Guidelines Manual (November 1990) for guidance. While the instant case does not depend on enhancements pursuant to the

---

[1] The court also had to determine what constituted a dangerous weapon.

guidelines, this court believes it is appropriate to use section 1B1.3 for guidance. Under the current Guidelines Manual (November 2005), at application note 2, appears the following:

> 2. *A "jointly undertaken criminal activity" is a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy.*
>
> *In the case of a jointly undertaken criminal activity, subsection (a)(1)(B) provides that a defendant is accountable for the conduct (acts and omissions) of others that was both:*
>
> (I) *in furtherance of the jointly undertaken criminal activity; and*
>
> (ii) *reasonably foreseeable in connection with that criminal activity.*

In application note 2(b)(1), appears the following:

> (b) <u>*Acts and omissions aided or abetted by the defendant; requirement that the conduct of others be in furtherance of the jointly undertaken criminal activity and reasonably foreseeable*</u>
>
> (1) *Defendant C is the getaway driver in an armed bank robbery in which $15,000 is taken and a teller is assaulted and injured. Defendant C is accountable for the money taken under subsection (a)(1)(A) because he aided and abetted the act of taking the money (the taking of money was the specific objective of the offense he joined). Defendant C is accountable*

Case 1:07-cr-00131-SHR   Document 45   Filed 06/26/07   Page 5 of 5

> *for the injury to the teller under subsection (a)(1)(B) because the assault on the teller was in furtherance of the jointly undertaken criminal activity (the robbery) and was reasonably foreseeable in connection with that criminal activity (given the nature of the offense).*

Given the facts that Moore knew Carter always carried a gun; saw Carter with a magazine for the gun; and that Moore acknowledged he could not physically handle the gun, is sufficient to impute to Moore that he foresaw the probable use of the gun during the robbery.

Moore is thus accountable for the firing of the gun by Carter as it was in furtherance of the jointly undertaken criminal activity (robbery) and was reasonably foreseeable in connection with that activity.

The court therefore finds that the mandatory minimum sentence of ten years is applicable.

<div style="text-align:right">
s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge
</div>

Dated: June 26, 2007.