IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CASE NO. 1:07-131-02
:
:
v. :
:
:
DARNELL D. MOORE :

# **M E M O R A N D U M**

I. **Procedural History**

Before the court is a motion filed pursuant to 28 U.S.C. § 2255. Initially, Defendant Moore filed a § 2255 motion on November 6, 2009 but withdrew that motion on December 3, 2009 after this court issued an administrative order advising him of the limitations of such motions. Defendant Moore then filed the instant petition on December 31, 2009.

The procedural history of this case is adequately set forth in the parties' briefs and will not be repeated in its entirety herein. Moore and his co-defendant Carter were charged on March 28, 2007 with Armed Bank Robbery, Conspiracy, and Use of a Firearm to Commit a Crime of Violence. On June 21, 2007, both defendants pleaded guilty to the Use of a Firearm count. Moore reserved the right to challenge the applicability of the ten year mandatory minimum sentencing provision under 18 U.S.C. § 924(c).

A hearing was held to address the issue as to whether Moore could have reasonably foreseen that Carter might have brandished or discharged the firearm during the robbery. This court filed a memorandum opinion on June 26, 2007, finding that the ten year mandatory minimum penalty was applicable. Both defendants were sentenced on October 9, 2007. Defendant Moore appealed. By

1

order dated December 17, 2008, the United States Court of Appeals for the Third Circuit affirmed Moore's sentence. The mandate was filed on January 8, 2009.

**II.    Discussion**

   **A.    Summary of § 2255 Petition**

Moore claims in his petition that his counsel was ineffective because (1) counsel created a conflict of interest in failing to investigate a letter, written by his co-defendant Carter to this court,[1] taking responsibility for the bank robbery and/or discharge of the firearm during the robbery; (2) counsel failed to investigate the sufficiency of the evidence for the charge of conspiracy; (3) counsel failed to investigate the sufficiency of the evidence for use of a firearm during a crime of violence; (4) counsel failed to investigate the sufficiency of the evidence into whether Moore saw the magazine to Carter's gun before or after Carter robbed the bank; and (5) Moore's plea agreement was not voluntary and intelligently made due to counsel's deficient performance and effectiveness. (Petition at p. 5.)

   **B. Incompetency of Counsel Standard**

A claim for ineffective assistance of counsel is evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The standard has two prongs. Petitioner must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Id.* at 687. The first prong requires petitioner to show that counsel made errors "so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* This showing can be made by demonstrating that the attorney's performance was unreasonable under prevailing norms. *United States v. Day*, 969 F.2d 39, 42 (3d Cir.

---

[1] This letter was turned over to Carter's counsel.

1993). The second prong requires petitioner to show that the errors were "sufficiently serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. To establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Mannino*, 212 F.3d 835, 840 (3d Cir. 2000). This standard applies as well to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

### 1. Failure To Investigate the Contents of Carter's Letter in Which He Takes Responsibility For the Robbery

A hearing on the allegations in the petition was held on February 22, 2010. Attorney Ari Weitzman, original counsel for Defendant Moore, testified that he had contacted counsel for Carter and requested counsel's consent to interview Carter concerning the contents of his letter. Consent was not given. No subpoena was issued to Carter because of Fifth Amendment implications to Carter. In the absence of being able to interview Carter, there was nothing further that counsel could do.

### 2. Failure to Investigate Evidence of Conspiracy,[2] Use of a Firearm, and Foreseeability

Attorney Weitzman testified at the habeas hearing that the evidence against his client was overwhelming. He cited to the evidence presented by the Government during the plea colloquy as follows:

> **Attorney Daniel**: On the afternoon of March 23rd of this year, a young black man entered the Sovereign Bank in Shrewsbury, Pennsylvania, displaying a firearm and carrying a firearm and demanded cash from the tellers and in the presence of certain customers of the bank.

---

[2] Moore was not convicted of the conspiracy count and, therefore, there is no prejudice to him.

3

> After the bandit obtained approximately, I believe, $4500.00, in that range, he exited the bank and proceeded to a red and silver pick-up truck. These actions were observed by an alert eyewitness who saw the bandit enter the truck which was being driven by another young black male.
>
> A physical description of the truck was relayed to local law enforcement authorities, and about 40 minutes later, that vehicle, that truck was stopped by law enforcement authorities in Baltimore County, Maryland. The two occupants were Mr. Carter and Mr. Moore. They were arrested and detained, and evidence from the bank robbery was seized, including a .40 caliber Glock handgun and the cash.
>
> Thereafter, both Mr. Moore and Mr. Carter were interviewed by the FBI, and during those interviews, both Defendants admitted their involvement and confessed to their participation in the crime. Mr. Moore specifically admitted being the getaway driver, and a review of the bank's video surveillance camera photographs revealed that Mr. Moore had entered the bank and approached the teller station approximately 12 minutes before Mr. Carter entered the bank with the gun and demanded cash.
>
> . . .
>
> And he can be seen in the photographs asking a question of a teller at the teller's window. I believe those are the facts that support the entry of the plea. I should also add that in his interview with the FBI, Mr. Moore admitted to the FBI that the duo had planned to commit that robbery that day.
>
> . . .
>
> **The Court**: Now I'm going to ask you, Mr. Moore, did you participate with Mr. Carter in the bank robbery?
>
> **The Defendant**: Yes.
>
> **The Court**: Were you the driver of the car?
>
> **The Defendant**: Yes.

(Trans. of Plea Colloquy at pp. 10-11, doc. 59.)

Moore does not state what, if any, evidence would dispel any of the above evidence.

4

As to the issue of his foreseeability that Carter would use a gun, this court held a hearing and made findings of fact and conclusions of law on this issue. (Doc. 45, June 26, 2007.) This finding was appealed to the Third Circuit Court of Appeals and was affirmed. (*See* No. 07-4062, 3d Cir. Nov. 30, 2008.)

### 3. Voluntariness of Plea

Defendant Moore's claim that his plea was unknowing and involuntary rests on his allegation of counsel's failure to question his co-defendant Carter. This issue has been addressed and, therefore, this claim is without merit.

### III. Conclusion

Counsel's performance was not deficient. Even if it could be found that somehow counsel could have produced Carter to interview him, we do not know what the results of that interview would be. The evidence of Moore's involvement was so overwhelming that he suffered no prejudice. The petition will be denied. An appropriate order will be issued.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated: March 11, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:07-131-02
:
**v.** :
:
**DARNELL D. MOORE** :

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 is **DENIED**.

2) This court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: March 11, 2010.