IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CASE NO. 1:CR-07-131-02 |
| **v.** | : |
| **DARNELL D. MOORE** | : |

## M E M O R A N D U M

Before the court is a letter from defendant Darnell D. Moore (Doc. 103) in which he requests appointment of counsel to determine if he has a viable cause of action to have his sentence reviewed pursuant to *Alleyne v. United States*, _____ U.S. _____, 133 S. Ct. 2151 (2013). The letter will be deemed to be a motion for appointment of counsel. For the reasons stated below, the motion will be denied.

The Court in *Alleyne* held that a finding as to whether a defendant had brandished, as opposed to merely carrying, a firearm in connection with a crime of violence, because it would elevate the mandatory minimum term for a firearms offense from five to seven years, was an element of a separate, aggravated offense that had to be found by a jury. Moore claims that his sentence was increased by facts that were not presented to a jury. He therefore requests appointment of counsel to determine if *Alleyne* applies to him.

Moore was charged with a violation of 18 U.S.C. § 924(c), use of a firearm during a crime of violence (bank robbery). The plea agreement set forth the potential sentences Moore faced as follows:

> The maximum penalty for the offense is *life imprisonment* **with a mandatory minimum term of 10 years imprisonment pursuant to Title 18 United States Code, Section 924(c)(1)(A)(iii) (Discharge), or a mandatory minimum term of 7 years imprisonment pursuant to**

> **Title 18, United States Code, Section 924(c)(1)(A)(ii) (Brandishing), or a mandatory minimum term of 5 years imprisonment pursuant to Title 18, United States Code, Section 924(c)(1)(A)(i) (Carrying)**, a fine of $250,000, a term of supervised release of up to 5 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release order, denial of certain federal benefits and an assessment in the amount of $100. **The defendant reserves the right to contest the application of both the 10 year and 7 year mandatory minimums at either a sentencing proceeding or a separate proceeding.** The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court at the sentencing hearing.

(Doc. 31 at p. 2 (emphasis in original).)

A sentencing hearing was held and a memorandum of law was issued subsequent to that hearing in which this court found that the facts supported an imposition of sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(iii), a mandatory minimum of ten years imprisonment. By entering a plea agreement with a proviso that Moore agreed to the court's determination of specific offense characteristics and appropriate sentence to be determined by the court, he has waived entitlement to the application of the finding set forth in *Alleyne*.

Thus, the request for appointment of counsel will be denied for two reasons: (1) no petition in this case has been filed that would permit this court to appoint counsel at this stage; and (2) any petition filed for relief would be futile. An appropriate order will be issued.

                                          s/Sylvia H. Rambo
                                          United States District Judge

Dated: April 10, 2014.